IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 25 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JANE DOE ANF OF JUNE DOE, MINOR § | |
| § | |
| § | |
| vs § | C.A. NO. B01 136 |
| § | |
| BOYS AND GIRLS CLUB OF BROWNSVILLE § | |
| INC. AND CAMERON COUNTY AND § | |
| STATE OF TEXAS § | |

### PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT;

COMES NOW, Jane Doe ANF OF June Doe, A MINOR, hereinafter referred to as Plaintiffs, complaining of Boys and Girls Club of Brownsville Inc. [hereinafter referred to as the Club], and Cameron County and the State of Texas, hereinafter called Defendants, and for cause of action would respectfully show the Court as follows:

I

Plaintiffs are residents of Cameron County, Texas

Defendant Boys and Girls Club of Brownsville Inc. has been served and answered.

Defendant, Cameron County has been served and answered.

Defendant, State of Texas is a governmental entity who may be served through the Attorney Generals office by serving John Cornyn at 209 West 14th Street, Eighth Floor, Austin Texas 78701.

II

Due to the nature of the allegations and threats of retaliation, Plaintiff brings this suit without further identification at this time. Both the defendants were made aware of the allegations herein and with proper. Upon answer of the parties the Plaintiff will ask the Court to seal all records which may identify the minor plaintiff. Plaintiff brings this suit to recover for personal injuries and damages sustained by the minor Plaintiff when the minor plaintiff was a visitor at the Boys and Girls Club during the summer of 1995, 1996 and 1997 . During such time the Club extended an open invitation to the children of the community for a fee. In exchange for such fee, activities were to be provided purportedly under competent adult supervision. Such activities included but were not limited to

sporting activities.

The club represented to the public that the children of the community would be safe, would be supervised by persons who were competent and properly trained in working with young males and females. Unknown to the public, including the plaintiffs the defendants had an agreement whereas persons with a criminal background would act as "chaperones" and be placed to work and watch the youth visiting and using the Club facilities. Such "chaperones" would care for and intermingle with the youth. The defendants failed to advise the parents or children of the background of these "chaperones" or that their children would be left alone with these "chaperones". Defendant Club represented to the public and plaintiffs that the club was a safe place for the children and that such persons working on the premises were properly supervised and trained in working with children, both male and female. Unknown to the plaintiffs this was not the case.

III.

During the summer of 1996, the State and or County placed persons who had been charged with criminal activity to work at the Club as part of their sentence. No background check was made to determine the competency or potential danger to the children by the State and or County or the Club. The defendants negligently placed persons with criminal backgrounds to care for and supervise the minor children including Plaintiff. These probationers were unsupervised during this time. During such supervision, the Plaintiff was sexually assaulted on a number of times. Fearful of her safety after being threatened with her life if she spoke out she did not immediately tell anyone. Such assaults continued on more than one child and on more than one occasion. The defendants were negligent in not determining the competency of the persons placed in such close proximity to the minor children.

IV

At the time and on the occasion in question, Defendants were negligent in various acts and omissions including but not limited to the following which negligence was a proximate cause of the occurrence in question.

1) In failing to properly supervise the children;

2) In failing to properly supervise the employees or agents caring for the children;

3) In failing to warn the public of the type of people working at the Club;

4) In failing to properly train its employees.

V.

As a result of the negligence and misrepresentations of the defendants, the minor Plaintiff suffered personal injuries and has experienced severe physical pain and mental anguish and will, in reasonable probability, continue to do so in the future by reason of the nature and severity of Plaintiff's injuries. Plaintiff has been caused to incur medical charges, psychiatric and psychological expenses in the past and will continue to do so in the future for which she comes now and sues.

VI

Further without waiving the foregoing, Plaintiffs claim that the State and or County through its customs, policies and practices violated her civil rights provided her under State and Federal laws and violated other state and Federal laws for which she comes now and sues.

WHEREFORE, Plaintiff Prays that the Defendants be duly cited to appear and answer herein, that upon a final trial of this cause, Plaintiff recover:

1) Judgment against Defendants in an amount within the jurisdictional limits of this Court;

2) Interest on said judgment at the legal rate from the date of accident;

3) Costs of Court;

4) Such other and further relief to which Plaintiff may be entitled.

Respectfully Submitted,

_____
VILLEGAS LAW FIRM
BY: ALBERT VILLEGAS
1324 EAST SEVENTH STREET
BROWNSVILLE, TEXAS 78521
TELEPHONE: (956) 544-3352
TELECOPIER: (956) 544-7828
STATE BAR NO. 20585450
FEDERAL ID NO 3903

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent to counsel of record on this the 25TH day of October, 2001 via fax and hand delivery.

_____
ALBERT VILLEGAS