/ (

United States District Court
Southern District of Texas
FILED

MAR 1 5 2002

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILE DIVISION**

JANE DOE A/N/F OF JUNE DOE, §
A MINOR §
 §
vs. §  **CIVIL ACTION NO. B-01136**
 §
BOYS AND GIRLS CLUB OF §
BROWNSVILLE, INC., AND §
CAMERON COUNTY §

**OBJECTIONS TO, AND MOTION TO QUASH, SUBPOENA DUCES
TECUM SERVED MARCH 5, 2002, DIRECTED TO CUSTODIAN OF RECORDS
FOR BROWNSVILLE POLICE DEPARTMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW THE CUSTODIAN OF RECORDS FOR THE BROWNSVILLE

POLICE DEPARTMENT, by and through her attorney, and files these objections to and

motion to quash, subpoena duces tecum served March 5, 2002, directed to the Custodian

Of Records for the Brownsville Police Department, and shows this Honorable Court the

following:

**INTRODUCTION**

1.  On or about March 5, 2002, the Respondent BOYS AND GIRLS CLUB

OF BROWNSVILLE, ET AL. caused to be delivered to the Brownsville Police

Department a Subpoena Duces Tecum directed to the custodian of records for the

Brownsville Police Department. (A true and correct copy of such Subpoena is attached

as Exhibit "a" and incorporated herein by reference as through set forth verbatim.) The

subpoena sets a date and time of instanter for compliance, and directs the custodian of

1

records to produce and permit inspection and copying of the following: "Any and all records regarding the investigation surrounding an alleged assault of a minor female that took place at the Boys and Girls Club of Brownsville, Texas, located at 745 E. St. Charles, in Brownsville, Texas sometime in July, 1999, involving Melquiades Mendiola, Jr., DOB: 01/04/78, including but not limited to, incident reports, written and/or oral statements of witnesses, and/or of alleged minor victim or her mother, other statements, photographs of the scene of the incident and/or of the parties involved, officers' report(s), investigation records and/or reports, any type of documents, notes, memorandum and/or written documents pertaining to the incident(s) in question; indictment(s), if any; arrest records; and/or offense reports."

      2.      Movant objects to such subpoena duces tecum and moves that the court quash the subpoena duces tecum, or, alternatively, moves for a protective order limiting the documents, if any, to be produced to non-privileged, non-confidential documents, for the following reasons.

## The Subpoena fails to Identify With Reasonable Specificity and Particularity The documents Sought

      3.      The party seeking to subpoena the documents has failed to identify with sufficient particularity and specificity the documents sought. As already noted, the subpoena directs the custodian of records to produce and permit inspection and coping of the following: "Any and all records regarding the investigation surrounding an alleged assault of a minor female that took place at the Boys and Girls Club of Brownsville, Texas, located at 745 E. St. Charles, in Brownsville, Texas sometime in July, 1999, involving Melquiades Mendiola, Jr., DOB: 01/04/78, including but not limited to, incident reports, written and/or oral statements of witnesses, and/or of alleged minor

victim or her mother, other statements, photographs of the scene of the incident and/or of

the parties involved, officers' report(s), investigation records and/or reports, any type of

documents, notes, memorandum and/or written documents pertaining to the incident(s) in

question; indictment(s), if any; arrest records; and/or offense reports." Such an overbroad

request constitutes and impermissible fishing expedition.  See, e.g., Phillips vs.

Automated Telephone Management Systems, Inc., 160 F.R.D. 561, 563 (N.D. Tex. 1994)

("The discovery requested from Coppers and Bailey amounts to no more than a "fishing

expedition' in an attempt to discover unknown wrongs.") Miller v. Adelson, 4 F.R.D.

176, 176-77 (W.D. Pa. 1944) (court sustained objection to production of entire file on

ground no particular paper designated).  Compare United States v. King, 164 F.R.D. 542,

546 (D. Kan. 1996) ("Requesting entire files instead of specific documents indicates a

fishing expedition.")

      4.     The Fifth Circuit has held that a subpoena duces tecum "must also

properly identify or describe the documents requested" and 'the request must be

sufficiently definite to provide guidance as to what is to be produced by standards or

criteria that make clear the duty of the person subpoenaed."  In re grand Jury

Proceedings, 601 F.2d 162, 168 (5th Cir. 1979).

**The Records Sought Are Privileged Confidential and Protected From Disclosure**

      5.     Federal rule 45 (c) (3) (A) (iii) provides that "[o] n timely motion the court

by which a subpoena was issued shall quash or modify the subpoena if it . . . requires

disclosure of privileged or other protected matter and no exception or wavier applies."

The documents sought by Respondents are privileged, confidential and protected from

disclosure.

6.     Records prepared by Children's Protective Services relating to the abuse or neglect of a child are privileged and confidential. Section 261.201(a) of the Texas Family Code states:

(a)     The following information is confidential, is not subject to public release under Chapter 552, Government Code, and may be disclosed only for purposes consistent with this code and applicable federal or state law or under rules adopted by an investigating agency:

(1)     a report of alleged or suspected abuse or neglect made under this chapter and the identity of the person making the report; and

(2)     except as otherwise provided in this section, the files, reports, records, communications, audiotapes, and working papers used or developed in an investigation under this chapter or in providing services as a result of an investigation.

## Work Product

7.     As noted above, the Texas Open records Act protects the work product of the state's attorney from disclosure. Other sources for protection of work-product in the criminal context include the Texas common law and article 39.14 of the Texas Code of Criminal Procedure. In Wood v. McCown, 784 S.W.2d 126 (Tex.App.— Austin, 1990, no writ), the court held that the criminal work-product doctrine recognized through the common law continues after the criminal case had concluded, and protects the material from disclosure when it is sought in a subsequent civil case. Id. At 128-29.

8.     Article 39.14 of the Texas Code of Criminal Procedure excepts from discovery "the work product of counsel in the case and their investigators and their notes or report." Tex. Code Crim. P. art 39.14 (Vernon 1979 & Supp. 1998). The criminal

work-product doctrine recognized in Article 39.14 of the Texas Code of Criminal

Procedure "extends to prosecution files and papers." Brem v. State, 571 S.W.2d 314, 322

(Tex. Crim. App. [Panel Op.] 1978).

> The [work-product] privilege has thus been extended
> To offense or investigative reports prepared by the
> Police, ... internal prosecution files or papers, ... and
> reports on the analyses of narcotics ... It has also been
> extended to statements prepared by law enforcement officers
> after interviewing prospective witnesses.

Quinones v. State, 592 S.W.2e 933, 940 (Tex. Crim App. 1980) (en banc). The Texas

Court of Criminal Appeals has also held that article 39.14 exempts witness statements

from discovery as work product. Hoffman v. State, 514 S.W.2d 248, 252 (Tex. Crim.

App. 1974).

## Witness Statements

9.    Article 39.14 of the Texas Code of Criminal Procedure excepts "written

statements of witnesses" in the possession of the state from discovery in criminal cases.

Tex. Code Crim. P. art. 39.14 (Vernon 1979 & Supp. 1998). Such statements are

privileged and not subject to disclosure if the witness does not testify and the statement is

not exculpatory. Nelson v. State, 511 S.W.2d 18,20 (Tex. Crim. App. 1974); see State ex

rel. Simmons v. Moore, 774 S.W.2d 711, 714 (Tex. App.—El Paso 1989, no pet.). In the

instant case, the underlying criminal cases did not go to trial, and the witnesses did not

testify. Therefore, the statements remain protected from disclosure.

## Rule 501 of the Federal Rules of Evidence

10.    In determining the applicability of the state law privileges asserted herein,

it should be borne in mind that the Movant is not a party to this litigation and has been

involuntarily drawn into federal court pursuant to a subpoena.  Movant should not be
denied its state law privileges because of such fortuitous circumstances.  To the extent, if
at all, that Rule 501 of the Federal Rules of Evidence would require the application of
"the principals of the common law as they may be interpreted by the courts of the United
States in light of reason and experience,"  Movant asks the Court to recognize the
wisdom of the state law privileges asserted herein and to apply them as a matter of
federal common law."  Fed.R.Evide. 501 advisory committee notes.  Movant further
asserts that, in any event, federal common law is consistent with state law with respect to
the asserted privileges.  See, e.g., United States v. Nobles, 422 U.S. 225, 236 95 S.Ct.
2160, 2169, 45 L.Ed.2d 141 (1975) (recognizing work product privileged in federal
criminal case); R.T.C. v. Grolier, Inc., 462 U.S. 19, 26, 103 S. Ct. 2209, ____, 76 L.Ed
2d 387, 393-94 (1983) (work product privileged does not terminate upon conclusion of
the particular case in which it was generated but continues thereafter); In Re Grand Jury
Proceedings, 43 F.3d 966, 971 (5th Cir. 1994) (work product privilege applies in
subsequent litigation); Fed.R.Crim.P. 16(B) (2) (establishing work-product protection in
pretrial criminal context); U.S. v Thomas, 766 R.Supp. 372, 375 (W.D.Pa. 1991)
(statements in possession of government are not subject to disclosure if the witness does
not testify and the statements are not exculpatory); U.S. v. Cherry,  876 F.Supp. 547, 551
(S.D.N.Y. 1995) (reports and investigations of state law enforcement are protected as
work product).  Compare F.R.C.P. 26 (b) (3) (protecting work-product and witness
statements in civil context).  Movant further asserts that the documents are protected by
the required reports privilege recognized by both Texas and federal law, the prosecutorial
and deliberative process privilege recognized at federal common law, the official

information privilege recognized at federal common law, and the law enforcement privilege recognized at federal common law.

11.    Movant, hereby seeks an order quashing the subpoena duces tecum attached hereto as Exhibit "A." Alternatively, Movant moves for a protective order limiting the documents, if any, to be produced to non-privileged, non-confidential documents. Furthermore, prior to any ordered disclosure, if at all, of any materials sought through the notice and subpoena duces tecum, which Movant asserts are confidential or privileged, Movant requests that the Court examine in camera those materials asserted by Movant as being confidential and/or privileged. Movant prays for such additional orders of the Court as are consistent with the assertions of Movant in this motion; that Movant not be required to divulge any information as to matters that are confidential or privileged and that the Court grant Movant such other further relief, general or special to which Movant may be entitled at law or in equity.

Respectfully submitted,

YOLANDA DE LEON
COUNTY AND DISTRICT ATTORNEY

Cameron Coutny Courthouse
974 E. Harrison Street
Brownsville, Texas  78520
Telephone:    956/544-0849
Fax No.: 956/544-0869


BY: _____
Francisco J. Martinez
Assistant District and County Attorney
Texas State Bar No.  13141900
Federal Admission No. 17477

ATTORNEY FOR MOVANT




## CERTIFICATE OF CONFERENCE

This is to certify that efforts to resolve this discovery dispute have been

attempted by telephone discussion with the attorney for the party seeking to subpoena the

documents in question, without resolution.

_____
Francisco J. Martinez
Assistant District and County Attorney

8

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing motion, and proposed order accompanying the same has been served upon Carla M. Saenz attorney for respondent forwarding same by "fax" transmission, and by mailing a copy of same by United States mail, certified mail, return receipt requested, on the _15th_ day of _March_, 2002.

Albert Villegas
Attorney at Law
1327 E. 7th Street
Brownsville, Texas 78520

**CM/RRR #Z 271 578 447**

Francisco J. Martinez
Assistant District and County Attorney

9

ORDER # M408721 - 003
AO 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

| SOUTHERN | DISTRICT OF | TEXAS, BROWNSVILLE DIVISION |
|---|---|---|

JANE DOE A/N/F OF JUNE DOE, A MINOR

**PLAINTIFF(S)**

V.

## SUBPOENA IN A CIVIL CASE

BOYS AND GIRLS CLUB OF BROWNSVILLE, INC., AND CAMERON COUNTY

CASE NUMBER:[1] B-01136

**DEFENDANT(S),**

TO: CUSTODIAN OF RECORDS
BROWNSVILLE POLICE DEPARTMENT, POLICE CHIEFS OFFICE
600 EAST JACKSON
BROWNSVILLE, TEXAS 78520

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to the suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Carla M Saenz | 3/4/02 |

ATTORNEY(S) FOR DEFENDANT(S) BOYS AND GIRLS CLUB OF BROWNSVILLE, ET AL

ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER
CARLA M. SAENZ ATTORNEY-AT-LAW                     BARS 17514595
CARLA M. SAENZ & ASSOCIATES                        (956) 541-2862
1325 PALM BLVD., SUITE H        BROWNSVILLE, TX 78520
(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance state district under case number.



EXHIBIT A

ANY AND ALL RECORDS REGARDING THE INVESTIGATION SURROUNDING AN ALLEGED ASSAULT OF A MINOR FEMALE THAT TOOK PLACE AT THE BOYS AND GIRLS CLUB OF BROWNSVILLE, TEXAS, LOCATED AT 745 E. ST. CHARLES IN BROWNSVILLE, TEXAS SOMETIME IN JULY, 1999, INVOLVING MELQUIADES MENDIOLA, JR., DOB: 01/04/78, INCLUDING BUT NOT LIMITED TO, INCIDENT REPORTS, WRITTEN AND/OR ORAL STATEMENTS OF WITNESSES, AND/OR OF ALLEGED MINOR VICTIM OR HER MOTHER, OTHER STATEMENTS, PHOTOGRAPHS OF THE SCENE OF THE INCIDENT AND/OR OF THE PARTIES INVOLVED, OFFICERS' REPORT(S), INVESTIGATION RECORDS AND/OR REPORTS, ANY TYPE OF DOCUMENTS, NOTES, MEMORANDUM AND/OR WRITTEN DOCUMENTS PERTAINING TO THE INCIDENT(S) IN QUESTION; INDICTMENT(S), IF ANY; ARREST RECORDS; AND/OR OFFENSE REPORTS.

Case Number: B-01136

JANE DOE A/N/F OF JUNE DOE, A MINOR          IN THE U.S.D.C. FOR THE
                    vs.                       SOUTHERN DIST. OF TEXAS
BOYS AND GIRLS CLUB OF BROWNSVILLE,           BROWNSVILLE DIVISION
INC., AND CAMERON COUNTY


**AMENDED**
**NOTICE OF INTENTION TO TAKE DEPOSITION BY WRITTEN QUESTIONS**

To:  All named parties in the above styled and numbered cause

You will take notice that after the service of a copy
hereof with attached questions, a Deposition by Written
Questions will be taken of the Custodian of Records for:
BROWNSVILLE POLICE DEPARTMENT, POLICE CHIEFS OFFICE
600 EAST JACKSON, BROWNSVILLE, TX 78520
to such questions will be taken before a Notary Public with
COMPEX, 3300 NACOGDOCHES ROAD, SUITE 220, SAN ANTONIO, TX 78217
or their designated agent.
Which deposition with attached questions may be used in evidence upon
the trial of the above styled and numbered cause pending in the
above named court.

Notice is further given that request is here made as authorized under
Rule 45, Federal Rules of Civil Procedure, to the officer authorized
authorized to take this deposition to issue a subpoena duces tecum
and cause it to be served on the witness to produce
SEE ATTACHMENT THREE
and to turn all such records over to the officer authorized to take
this deposition so that photostatic copies of same may be made
and attached to said deposition. *Carla M. Saenz*
                                 CARLA M. SAENZ, ESQ.
                                 Attorney for Defendant
                                 Bar #: 17514595

------------------------------------------------------------------------
------------------------------------------------------------------------
I certify that a true exact copy of the foregoing Notice of
Intention to Take Deposition by Written Questions was mailed to the
respective parties or attorneys of record, by certified mail return
receipt requested, postage prepaid, or hand delivered.

Amended Notice Date:  03/04/02
Original Notice
Date:  8/16/01

                                 Chuck E. Utz
                                 COMPEX - SAN ANTONIO
                                 3300 NACOGDOCHES ROAD, SUITE 220
                                 SAN ANTONIO, TX 78217

cc: CARLA M. SAENZ, ESQ.
    ALBERT VILLEGAS, ESQ.

ATTACHMENT THREE

ANY AND ALL RECORDS REGARDING THE INVESTIGATION SURROUNDING AN ALLEGED
ASSAULT OF A MINOR FEMALE THAT TOOK PLACE AT THE BOYS AND GIRLS CLUB OF
BROWNSVILLE, TEXAS, LOCATED AT 745 E. ST. CHARLES IN BROWNSVILLE, TEXAS
SOMETIME IN JULY, 1999, INVOLVING MELQUIADES MENDIOLA, JR., DOB: 01/04/78,
INCLUDING BUT NOT LIMITED TO, INCIDENT REPORTS, WRITTEN AND/OR ORAL
STATEMENTS OF WITNESSES, AND/OR OF ALLEGED MINOR VICTIM OR HER MOTHER,
OTHER STATEMENTS, PHOTOGRAPHS OF THE SCENE OF THE INCIDENT AND/OR OF THE
PARTIES INVOLVED, OFFICERS' REPORT(S), INVESTIGATION RECORDS AND/OR
REPORTS, ANY TYPE OF DOCUMENTS, NOTES, MEMORANDUM AND/OR WRITTEN DOCUMENTS
PERTAINING TO THE INCIDENT(S) IN QUESTION; INDICTMENT(S), IF ANY; ARREST
RECORDS; AND/OR OFFENSE REPORTS.

No: B-01136

JANE DOE A/N/F OF JUNE DOE, A MINOR                    IN THE U.S.D.C. FOR THE
          vs.                                          SOUTHERN DIST. OF TEXAS
BOYS AND GIRLS CLUB OF BROWNSVILLE,                    BROWNSVILLE DIVISION
INC., AND CAMERON COUNTY


          Written Questions to be Propounded to the Witness,
               Custodian of Records for:


     BROWNSVILLE POLICE DEPARTMENT, POLICE CHIEFS OFFICE
     600 EAST JACKSON
     BROWNSVILLE, TEXAS 78520

  1. State your full name, your position or title, the complete legal name
     of your employer, and your complete address.
     ANSWER:_____

  2. Have you or your employer made or caused to be made any records,
     including memoranda, reports, records, or data compilations, as set
     forth in the notice of this deposition, which is incorporated by
     reference herein?
     ANSWER:_____

  3. Do you have such records as described above?
     ANSWER:_____

  4. Are these records kept under your care, supervision, custody, or
     control?
     ANSWER:_____

  5. Please state whether this is a regularly conducted business activity.
     ANSWER:_____

  6. Are these records kept in the regular course of business?
     ANSWER:_____

  7. Was it the regular practice to make these records?
     ANSWER:_____

  8. Were these records made by, or from information transmitted by, a
     person with knowledge of the acts, events, conditions, opinions, or
     diagnoses stated therein?
     ANSWER:_____

  9. Were these records made at or near the time the acts, events,
     conditions, opinions, or diagnoses occurred or within a reasonable
     time thereafter?
     ANSWER:_____

 10. Was the method of preparation of these records trustworthy?
     ANSWER:_____

A408721-003

11. Were these records kept as described above?
    ANSWER:_____

12. Please hand all such records to the Notary Public taking this
    deposition for photocopying and marking as Exhibits to be attached to
    this deposition.
    ANSWER:_____

13. Please state whether you have provided all the records required by
    the subpoena duces tecum.  If not, why not?
    ANSWER:_____

14. Are the records that you have handed to the Notary Public accurate
    and complete?
    ANSWER:_____


                          _____
                          WITNESS, CUSTODIAN

    I,                                , a Notary  Public  in the State of
TEXAS, do hereby certify that the foregoing answers of the witness,
the Custodian of Records, were  by the said witness made before and sworn
to  and subscribed before  me  by the said witness.

GIVEN UNDER MY HAND AND SEAL OF OFFICE on this the _____ day
of _____, _____.


                          _____
                          NOTARY PUBLIC FOR THE STATE OF TEXAS