IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 0 2002

Michael N. Milby
Clerk of Court

JANE DOE A/N/F OF JUNE DOE, a minor, )
    Plaintiff, )
     )
v. )
     ) CIVIL ACTION NO. B-01-136
BOYS AND GIRLS CLUB OF )
BROWNSVILLE INC., and )
CAMERON COUNTY, )
    Defendants. )

## CAMERON COUNTY'S
## ANSWER TO THE SECOND AMENDED COMPLAINT

Defendant Cameron County "County" received Plaintiff's Second Amended Original Complaint at the status conference on March 19th, 2002. For its answer to Plaintiff's Second Amended Original Complaint Cameron County states:

1. County admits Paragraph I, except that County expresses no answer on the procedure to service the State of Texas.

2. County denies so much of Paragraph II that states: "Unknown to the public, including plaintiffs the club and the County had an agreement whereas persons with a criminal background would act as 'chaperones' and be placed to work and watch the youth visiting and using the Club facilities." County is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph II.

3. County denies so much of Paragraph III that states: "During the summer of 1996, the . . . County placed persons who had been charged with criminal activity to work at the Club as part of their sentence." And, so much of Paragraph III that states: "The defendants [as applies to

1

County] negligently placed persons with criminal backgrounds to care for and supervise the minor children including Plaintiff." And, so much of Paragraph III that states: "The defendants [as applies to County] were negligent in not determining the competency of the persons placed in such close proximity to the minor children." County is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph III.

4. County denies Paragraphs IV, V, VI, and the prayer.

5. Any allegation made within any part of the Plaintiff's Second Amended Original Complaint not otherwise specifically responded to is specifically or generally denied. Defendants still urge and rely on matters alleged without waving any other matter asserted herein further allege as affirmative defenses the following:

6. The principle of respondeat superior or vicarious liability is inapplicable to actions brought under 42 U.S.C.A. Section 1983 and any allegedly improper actions of individual Defendants or others not named cannot be vicariously attributed to Cameron County, Texas.

7. The conduct complained of in Plaintiff's Amended Complaint was not the official policy or custom of Cameron County; therefore, Cameron County is immune from liability under 42 U.S.C. Section 1983, et seq.

8. Plaintiff's rights, privileges, and immunity secured under the Constitution or laws of the United States, have not been violated by any action of County.

9. Plaintiff cannot recover directly or indirectly from Cameron County because of the Doctrine of Sovereign Immunity.

10. Plaintiffs cannot recover, directly or indirectly from County because the Texas Tort Claims Act does not allow Plaintiff's claims as pled and such claims do not fall within the purview

of the Texas Tort Claims Act, V.T.C.A., C.P.& R. Code, Sections 101.001 et seq. Plaintiff cannot recover damages from County because the Texas Tort Claims Act and the laws of the State of Texas have not waived sovereign immunity for Plaintiff's claims.

11. In the alternative, should it be determined that sovereign immunity does not apply to Plaintiff's claims, County would invoke all the defenses under the Texas Tort Claims Act, including but not limited to, the statutory limit on damages, individual immunities, and the bar against exemplary damages.

12. Plaintiff cannot recover under the Texas Tort Claims Act from Defendants as individuals because these Defendants, at all material times, were acting in their official capacity, in good faith, and exercising a discretionary duty. County is not liable to Plaintiff under the state claims because the individual county defendants are entitled to qualified immunity.

13. Plaintiff cannot recover punitive damages against Cameron County, Texas, under any cause of action alleged in Plaintiff's Amended Complaint

14. In the alternative County, is not liable for intentional torts under the Texas Tort Claims Act or at Texas common law.

15. Plaintiff cannot recover under the Texas Tort Claims Act for the reason there was no notice alleged or given within six months after the incident giving rise to this claim in accordance with V.T.C.A., C.P.& R. Code, Section 101.101, and there has been no actual notice within six months after the incident giving knowledge to Cameron County of (1) an injury suffered by Plaintiff, (2) Cameron County's fault producing or contributing to such injury, if any, or (3) the identity of the parties involved as required by *Cathey v. Booth*, 900 S.W.2d 339 (Tex. 1995).

16. Plaintiff cannot recover for her claims because the two year statute of limitations bars her

claim.

17.   Cameron County is not a proper party to this suit. The probation department for the county is a state agency established under the authority of V.T.C.A., Govn. Code, Chapter 76 and conducts "community supervision" under the authority of the state district courts as established by V.T.C.A., CCrP, Art. 42.12. Adult probation is a state, not a county, department.

WHEREFORE, PREMISES CONSIDERED, County prays that on final trial, that Plaintiff take nothing by her suit and that County recover all cost incurred herein and have such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

CIVIL LEGAL DEPARTMENT
COMMISSIONERS COURT
964 East Harrison Street
Brownsville, Texas 78520
Telephone: (956) 550-1345
Facsimile: (956) 550-1348

BY: _____
Richard O. Burst
Attorney In Charge
Texas State Bar #00785586

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786516

## CERTIFICATE OF SERVICE

I, Richard O. Burst do hereby certify that a true and correct copy of the foregoing Amended Answer has been mailed to the following on this 20th day of March, 2002, by certified mail return receipt requested:

Albert Villegas
VILLEGAS LAW FIRM

1324 E. Seventh Street
Brownsville, Texas 78521

Carla Saenz
GRIFFITH SAENZ & HILL, LLP
1325 Palm Blvd.
Brownsville, Texas 78520

Richard O. Burst