IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED
JUL 18 2002
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| JANE DOE ANF OF JUNE DOE, § <br> MINOR § <br>    Plaintiffs, § <br> § <br> VS. § <br> § <br> BOYS AND GIRLS CLUB OF § <br> BROWNSVILLE, INC., AND § <br> CAMERON COUNTY, AND THE § <br> STATE OF TEXAS, § <br>    Defendants. § | CIVIL ACTION NO. B-01-136 |

## ORDER

Pending before the Court is Defendant's State of Texas's Motion to Dismiss for Insufficient Service of Process Under FED. R. CIV. P. Rule 12(b)(5) and for Failure to State a Claim Under FED. R. CIV. P. Rule 12(b)(6). (Docket No. 27).

### I.

#### STATEMENT OF THE CASE

According to the Plaintiffs' Second Amended Complaint, June Doe, a minor, suffered personal injuries after she was sexually assaulted on more than one occasion while she was a visitor at the Brownsville Boys and Girls Club, Inc, ("Club"). (Docket No. 10). According to the Plaintiffs, such incidences of sexual assault were committed by individuals who had been charged with criminal activity and who were subsequently ordered to work at the Club as part of their sentence. (*Id.*). As a result of the personal injuries arising from the alleged sexual assaults, the Plaintiffs filed this lawsuit against the Club, Cameron County, and the State of Texas. They claim that the

Defendants were negligent for (1) failing to supervise the children; (2) failing to properly supervise the employees or agents caring for the children; (3) failing to warn the public of the type of people working at the Club; and (4) failing to properly train its employees. (*Id.*). The Plaintiffs also claim a violation of June Doe's civil rights under state and federal law. (*Id.*).

## II.

### RULE 12(B)(5) MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

The State of Texas argues that the action against it should be dismissed under FED. R. CIV. P. Rule 12(b)(5) because it received insufficient service of process. It points out that the plaintiffs did not serve the Secretary of State; rather, they served the Attorney General of Texas. Texas law provides that "[i]n a suit against the state, citation must be served on the secretary of state." TEX. CIV. PRAC. & REM. CODE § 101.102(c) (West 2002). Once a defendant challenges the validity of service, the plaintiff bears the burden of showing proper service of process. *See Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). The Plaintiff has not filed a response to the State's motion, and in her Second Amended Complaint, she alleges that the state "may be served through the Attorney [General's] office." (Docket No. 10). Moreover, the process server's returns of service, filed by the Plaintiffs, indicate that the Attorney General was served, not the Secretary of State. The first return of service (Docket No. 20) is dated April 3, 2002, and the second return of service (Docket No. 22) is dated April 17, 2002. The Plaintiffs have filed nothing to demonstrate that they have attempted to properly serve the State of Texas in compliance with the statutory mandate. Due to the fact that this Court finds that the State of Texas has not been properly served, the Court need not address whether this action is dismissible under Rule 12(b)(6). The Plaintiffs, in this case, will be given an additional opportunity to exercise due diligence in serving

the State of Texas.

IT IS therefore **ORDERED** that Defendant's State of Texas's Motion to Dismiss for Insufficient Service of Process Under FED. R. CIV. P. Rule 12(b)(5) is **DENIED** at this time.

IT IS further **ORDERED** that the Plaintiffs Jane Doe ANF of June Doe have 10 days from the date of this order to effectuate proper service on Defendant The State of Texas, and if proper service is not effectuated within this time limitation, the Court will reconsider the motion to dismiss and grant same with prejudice to refiling.

DONE at Brownsville, Texas, this 17th day of July, 2002.

_____
Andrew S. Hanen
United States District Judge