United States District Court
Southern District of Texas
FILED

AUG 27 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JANE DOE, A/N/F JUNE DOE, A MINOR :
    *Plaintiffs* :
    :
VS. : CIVIL ACTION NO. B-01-136
    :
BOYS AND GIRLS CLUB OF :
BROWNSVILLE, INC. AND CAMERON :
COUNTY AND STATE OF TEXAS :
    *Defendants* :

## CAMERON COUNTY'S ANSWER TO THE THIRD AMENDED COMPLAINT

Defendant Cameron County (County) received Plaintiff's Third Amended Original Complaint on July 19, 2002. For its answer to Plaintiff's Third Amended Original Complaint, Cameron County states:

1. County admits Paragraph I, except that County is without knowledge or information sufficient to form a belief as to the truth of plaintiff's averment regarding the procedure for the service on the State of Texas.

2. County denies so much of Paragraph II that states: "Unknown to the public, including plaintiffs the club and the County had an agreement whereas persons with a criminal background would act as 'chaperones' and be place to work and watch the youth visiting and using the Club facilities", and so much of Paragraph II that states "Both (sic) the defendants were made aware of the allegations herein and with proper (sic)." County is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph II.

3.  County denies so much of Paragraph III that states: "During the summer of 1996, the County placed persons who had been charged with criminal activity to work at the Club as part of their sentence," so much of paragraph III that states: "The defendants negligently placed persons with criminal backgrounds to care for and supervise the minor children including Plaintiffs," and so much of Paragraph III that states: "The defendants were negligent in not determining th competency of the persons placed in such close proximity to the minor children." County is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph III.

4.  County denies Paragraph IV, V, VI, and the prayer.

5.  The principle of respondeat superior or vicarious liability is inapplicable to actions brought under 42 U.S.C.A. Section 1983 and any allegedly improper actions of individual Defendants or others not named cannot be vicariously attributed to Cameron County, Texas.

6.  The conduct complained of in Plaintiff's Third Amended Complaint was not the official policy or custom of Cameron County; therefore, Cameron County is immune from liability under 42 U.S.C. Section 1983.

7.  County alleges that it has no liability to the Plaintiff under any theory because County has no connection to the alleged perpetrator of the sexual assault upon the premises.

8.  County pleads as affirmative defenses the following:

    a.  Plaintiff cannot recover directly or indirectly from County because of the Doctrine of Sovereign Immunity.

    b.  Plaintiffs cannot recover directly or indirectly from County because the Texas Tort Claims Act does no allow Plaintiff's claims as pled; and, such claims do not fall within the purview of Texas Civil Practice and Remedies Code, sections 101.001 et. seq. Plaintiff cannot recover damages from County because the Texas Tort Claims Act and the laws of the State of

       Texas have not waived sovereign immunity from either suit or liability for Plaintiff's claims.

c.   Plaintiff cannot recover under the Texas Tort Claims Act because the conduct complained of in Plaintiff's Third Amended Complaint does not involve the use of a motor vehicle or the condition or use of tangible personal or real property.

d.   Plaintiff cannot recover under the Texas Tort Claims Act because at all material times, Defendants (as individuals) were acting in their official capacity, in good faith, and exercising a discretionary duty. County is not liable to Plaintiff under the state claims because the individual county defendants are entitled to qualified immunity.

e.   County is not liable for intentional torts under the Texas Tort Claims Act or the common law.

f.   Plaintiff cannot recover under the Texas Tort Claims Act for the reason that there was no notice alleged or given within six months after the incident giving rise to the claims in accordance with Texas Civil Practice and Remedies Code, section 101.101; and, there was no actual notice with in six months after the incident giving knowledge to Cameron County of (1) an injury suffered by Plaintiff, (2) Cameron County's fault producing or contributing to such injury, if any, or (3) the identity of the parties involved as required by *Cathey v. Booth*, 900 S.W.2d 339 (Tex. 1995).

g.   In the alternative, should it be determined that sovereign immunity does not apply to the Plaintiffs' claims, County would invoke defenses including but not limited to, the statutory limit on damages, limits upon individual immunities, and the bar against exemplary damages provided for in the Texas Tort Claims Act.

h.   The adult Plaintiff cannot recover for her claims because the two year statute of limitations bars her claim.

i. Cameron County is not a proper party to this suit. The community supervision department for the county established under the authority of Texas Government Code Section 76 conducts "community supervision" under the authority of the state district courts as established by Texas Code of Criminal Procedure, art. 42.12; parole is administered and supervised by the State Board of Pardons and Paroles, a state agency established under the authority of Texas Government Cod section 508.

WHEREFORE, PREMISES CONSIDERED, County prays that upon final hearing or trial, that Plaintiff take nothing by her suit and that County recover all cost incurred and have such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,
ADAMS & GRAHAM, L.L.P.
P. O. Box 1429
Harlingen, Texas 78551-1429
Phone:     956/428-7495
TeleFax:    956/428-2954

_____
SCOTT T. CLARK
State Bar No.00795896
Fed I.D. No.  21676

_____
CRAIG H. VITTITOE
State Bar No.  20593900
Fed I.D. No. 18756

                                                   **ROGER W. HUGHES**
                                                   State Bar No. 10229500
                                                 Fed I.D. No.   5950

                                                 **ATTORNEYS FOR CAMERON COUNTY**

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the above and foregoing instrument was forwarded to the following attorneys of record on this the 26th day of August, 2002:

Albert Villegas                             **VIA CMRRR # 700 1670 0013 4635 7802**
**VILLEGAS LAW FIRM**
1324 East 7th Street
Brownsville, TX 78520

Ms. Carla M. Saenz Martinez               **VIA REGULAR MAIL**
**CARLA M. SAENZ & ASSOCIATES, P.L.L.C.**
1325 Palm Boulevard, Suite H
Brownsville, TX 78520
*Attorney for Boys and Girls Club of Brownsville, Inc.*

Ms. Jeanette Deponte                        **VIA REGULAR MAIL**
**TEXAS ATTORNEY GENERAL'S OFFICE**
William P. Clements Building, 7th Floor
P.O. Box 12548
Austin, TX 78711
*Attorney for State of Texas*

                                                   */s/ Scott T. Clark*
                                                 **SCOTT T. CLARK**